## Case No. 11,936.

### In 1e ROBINSON.

[1 Ben. 270; [1] 1 N. B. R. 8: Bankr. Reg. Supp. 2; 6 Int. Rev. Rec. 29.]

District Court, S. D. New York. July, 1867.

BANKRUPTCY· PRACTICE — ADVERTISING — REGISTER'S DISCRETION.

1. Where the register, to whom a petition had been referred, designated as the newspapers in which the notice to creditors·should be published, two papers in New York City and two in other states, and the bankrupt objected to the designation of the papers out of New York City, and the register certified that, in his opinion, such publication was necessary to protect the creditors in their rights: Held, that the register has power in such a case to designate newspapers, in addition to those selected, under rule 5 of this court, from those designated in rule 21, but cannot substitute other newspapers for those which he is required by rule 5 to select.

2. Although, in this case, the majority in amount of the creditors resided in New York City, yet the majority in number resided elsewhere, and the exercise by the register of his power to make such designation was proper.

[In the matter of Jesse H. Robinson, a voluntary bankrupt.]

BLATCHFORD, District Judge. In this case the register has designated, in the warrant, as the newspapers in which publication of notice to creditors shall be made, two newspapers in the city of New York, one in Toledo, Ohio, and one in San Francisco, California. The register claims to have made these designations in accordance with the provisions of section eleven of the bankruptcy act [of 1867 (14 Stat. 521)], of rule 5 of the "General Orders in Bankruptcy," and of rules 5 and 21 of this court in bankruptcy. He also reports that the designation of the newspapers in Toledo and San Francisco is rendered proper by the fact that a great majority in number of the creditors of the bankrupt reside in California, Ohio, Indiana, and other places out of the city of New York, where the bankrupt is stated in his petition to reside. The bankrupt objects to so much of the designation as specifies the newspapers out of the city of New York, and the warrant has been withheld by the register to await the decision of the court on the point, which has been certified to the court. The objection taken is, that the power of the register in regard to the designation of the newspapers is only that which is given to him by rule 5 of the general orders in bankruptcy; that such power as is there given is the power of "directing, unless otherwise ordered by the court, the newspapers in which the notices shall be published by the messenger;" that the register has been divested of that power by rules 5 and 21 of this court in bankruptcy, rule 5 providing that the warrant "shall specify two, if there be two, and, if not, then one, of the newspapers named

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

in rule 21, published in the county, &c., the-selection of such newspapers to be made by the register, &c.," and rule 21 declaring that "the following newspapers are designated as those in which all publications required by the act, or the general orders in bankruptcy, or these rules, may be made," and specifying thereafter only newspapers published in this district. It is claimed that, under rule 21, all publications must be made in the newspapers therein designated, and cannot be made in any others, either as additional or substituted.

In case it be held that the register has· such power, the decision of the court is asked as to the cases or class of cases in which, and the grounds upon which, such power may be exercised. As bearing on that subject, it is stated, that in the present case it appears,. by the schedules to the petition, that a majority in value of the creditors reside in the city of New York. It is also urged that the publication of notices under the warrant in other newspapers than those designated in rule 21, in lieu of or in addition to the same, would work peculiar hardship to the petition-er in the vast majority. of voluntary applications.

The register certifies that, in his opinion. the publication in the foreign newspapers is necessary in this case in order to protect the creditors in their rights, the theory being that the newspaper publication is for the· benefit of the creditors; that the Toledo and San Francisco papers would be more likely to inform the foreign residents than the New York papers would; that the selection of foreign newspapers ought to be left to the wise discretion of the register, as he has clear information in each case of the residence of the creditors from the schedules; and that while the debtor might object to the expense of publication, yet he seeks relief from his creditors in an action of which they should be notified with reasonable certainty.

I think that the register has power, in a case like the present one, to designate foreign newspapers in addition to those selected by him, under rule 5 of this court, from among the newspapers named in rule 21 of this court. He must in all cases observe rule 5, and select from the newspapers named in rule 21. He cannot substitute other newspapers, whether published in or out of this district, for those which he is required by rule 5 to select. But in a proper case he may, in the exercise of a wise discretion, add other newspapers, not published in this district, to the newspapers which he selects under· rule 5, although he cannot add newspapers published in this district. Rule 5 requires publication to be made in certain newspapers within this district, but was not intended to prevent publication being made in addition, in proper cases, in other newspapers out of this district. So, also, rule 21 only specifies the newspapers from which a se-

lection is to be made when newspapers in this district are to be selected, and was not intended to affect the selection of newspapers out of this district, in addition to the others, in proper cases. Such selection of additional newspapers out of this district must be left to the registers, and is left to them by rule 5 of the general orders in bankruptcy. They must exercise a proper judicial discretion on the subject. It is impossible to specify in advance the cases, or classes of cases, or the grounds for the exercise of the power.

In the present case, it appears that, although a majority in value of the creditors reside within the city of New York, yet a great majority in number of the creditors reside without the city of New York. By section thirteen of the act, the choice of an assignee is to be made by "the greater part in value and in number of the creditors who have proved their debts." It is, therefore, as important for twenty small creditors in Ohio and California to be notified of the first meeting of creditors as it is for one large creditor in New York, although the debt due to the latter exceeds the aggregate of the debts due to the former. Nothing is shown to throw a doubt on the propriety of the exercise by the register in this case of the power he possesses, or on the wisdom of selecting the particular foreign newspapers which he has selected.

The register suggests, in his certificate, that he thinks that in this case, and in many cases where there are few or no creditors resident in New York, publication in one New York paper would be sufficient. I think it will be better to adhere to rule 5 in all cases. A non-resident creditor who knows where his debtor resides is likely, in view of the act, to have the newspapers published in the place of residence of his debtor scrutinized, to see if any notice of the debtor's bankruptcy be published, and the extent of the publication at the place of residence of the debtor ought not to be abridged.

[For subsequent proceedings in this litigation, see Case No. 11,937.]